■ In the Matter of the Arbitration between FERRIS CONSTRUCTION COMPANY, Appellant, and AARON J. LASHER, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered April 2, 1975 in St. Lawrence County, which confirmed in part and reversed in part the award of the arbitrators to respondent. Appellant Ferris Construction Company (hereinafter Ferris), the general contractor for two housing proj-

ects, subcontracted with respondent Aaron J. Lasher (hereinafter Lasher) to furnish plumbing, heating, labor and materials for both projects. The projects were substantially completed in September and October, 1972. A dispute arose between Ferris and Lasher as to performance of the contracts for both projects. Ferris contended that it was compelled to engage other plumbing and heating contractors to complete and correct some of the work that Lasher supposedly had done, and claimed damages in the amount of $15,864.35. Lasher, on the other hand, claimed to be entitled to the 10% of the contract price retained under the contract until 30 days after full completion of the projects, in addition to other items of overtime and a claim for excavation. The matter was thereupon submitted to arbitration as provided in the contract. Special Term confirmed an award of the arbitrators to Lasher in the amount of $13,110.54 plus legal interest from September 7, 1973 to the date of payment of the award by Ferris. Special Term, however, modified the arbitrators' award by striking therefrom the provision that in the event the said amount was not received by Lasher by the close of business on January 31, 1975, a penalty of $25 per day would be added to the amount due and owing for each day upon which payment was not received. On this appeal, Ferris contends that the award was made without examining certain evidence, which constitutes misconduct on the part of arbitrators and requires that the award be vacated pursuant to CPLR 7511 (subd [b], par 1, cl [i]). It is clear from the record that the panel of arbitrators considered all the evidence offered by Ferris and that the inspections of the premises, about which complaint is made, were made by the panel pursuant to stipulations of the parties. It appears further that Ferris made no objection to the inspections prior to this appeal. We conclude that there has been no showing that Ferris' rights were prejudiced by misconduct in procuring the award (CPLR 7511, subd [b], par 1, cl [i]). This court is without jurisdiction to entertain respondent Lasher's request for reinstatement of the daily penalty for delayed payment of the award, since no appeal was taken from that portion of the judgment of Special Term striking such award. In any event, for the reasons assigned by Special Term, the penalty imposed was clearly improper. Judgment affirmed, without costs. Koreman, P. J., Sweeney, Mahoney, Larkin and Herlihy, JJ., concur.